Charles Austin and Esther J. Austin v. Douglas Rexford Rankin and Elizabeth Ann Rankin
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-045-CV

     CHARLES AUSTIN
     AND ESTHER J. AUSTIN,
                                                                         Appellants
     v.

     DOUGLAS REXFORD RANKIN
     AND ELIZABETH ANN RANKIN,
                                                                         Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 59148
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      On January 22, 1997, Charles and Esther Austin (the “Austins”) purchased two lots in a
platted real estate subdivision in Ellis County. Douglas and Elizabeth Rankin (the “Rankins”),
the original owners of the lots, allege that the property was subject to deed restrictions which
prohibited mobile homes or more than one residence on a lot. The Austins placed a mobile home
on one lot which also had another residence. The Rankins brought suit to enforce the alleged
restrictions. The trial court entered a temporary injunction ordering the Austins to remove the
mobile home from the property.


 The Austins appealed. While the appeal was pending, the trial
court proceeded to a trial on the merits which resulted in a permanent injunction requiring the
Austins to remove the mobile home. The Austins then filed this appeal from the permanent
injunction, claiming among other things, that by statute their appeal from the temporary injunction
order stayed the commencement of the trial on the merits. The Austins argue that they were
prejudiced by the trial court’s action, because had they not been hurried to trial, they would have
called additional witnesses to dispute the Rankins’ claim that any restrictions applied to their
property. 
      Section 51.014 of the Civil Practice and Remedies Code provides that a person may appeal
from an interlocutory order of a district court that grants or refuses a temporary injunction. Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2001). An interlocutory appeal
stays the commencement of a trial in the trial court pending resolution of the appeal. Id. §
51.014(b).
      The record indicates that the Austins filed a notice of appeal from the temporary injunction
with the trial court clerk. “An appeal is perfected when a written notice of appeal is filed with the
trial court clerk.” Tex. R. App. P. 25.1. Thus, the Austins properly appealed from the
interlocutory order granting the temporary injunction. As a result, the appeal stayed the
commencement of a trial pending the resolution of that appeal. The trial court should not have
proceeded with the trial on the merits. The Austins were prejudiced in their ability to present
evidence on the applicability of the restrictions to their property. Therefore, we reverse the final
judgment of the trial court granting the permanent injunction and remand the cause for a new trial.

                                                BILL VANCE
                                                Justice

Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Reversed and remanded 
Opinion delivered and filed March 21, 2001
Do not publish